Filed 1/7/16  P. v. Phung CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G052035 |
| v. | (Super. Ct. No. 11WF0963) |
| TIEN PHOUC PHUNG, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, James A. Stotler, Judge.  Affirmed.

Anthony J. Dain, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In a prior opinion (*People v. Phung* (July 21, 2014, G048108) [nonpub. opn.] (*Phung I*)), we reversed defendant Tien Phouc Phung's first degree murder conviction pursuant to *People v. Chiu* (2014) 59 Cal.4th 155. *Chiu* held "that an aider and abettor may not be convicted of first degree *premeditated* murder under the natural and probable consequences doctrine[, but, r]ather, his or her liability for that crime must be based on direct aiding and abetting principles." (*Id.* at pp. 158-159.) Accordingly, in *Phung I*, we held that "[t]he People shall have the option to accept a reduction of the conviction to second degree murder or to retry the greater offense."[1]

Upon remand, the prosecution elected to accept a reduction of defendant's conviction to second degree murder. Defense counsel objected and moved to retry the first degree murder charge. The court denied the motion pursuant to "the exact language" of the remittitur in *Phung I*. The court resentenced defendant to a total prison term of 40 years to life, consisting of an indeterminate term of 15 years to life for his second degree murder conviction plus a determinate term of 25 years for an associated firearm enhancement.[2]

Defendant appealed the judgment, and we appointed counsel to represent him. Counsel did not argue against defendant, but advised the court he found no issues to argue on defendant's behalf. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was given 30 days to file written argument on his own behalf, but he did not do so.

---

[1] In *Phung I*, *supra*, G048108 we also affirmed defendant's convictions for attempted murder, shooting at an occupied motor vehicle, and street terrorism, and modified the judgment by striking all street terrorism enhancements.

[2] In the first trial, the court had sentenced defendant to a total prison term of 50 years to life, consisting of an indeterminate term of 25 years to life for murder and a determinate term of 25 years for an associated firearm enhancement. Both the original sentence and the resentence included concurrent terms for attempted murder and shooting at an occupied motor vehicle and their associated enhancements, and imposed and stayed (pursuant to § 654) a term for street terrorism.

We have examined the entire record but have not found an arguable issue. (*People v. Wende*, *supra*, 25 Cal.3d 436.)  The judgment is affirmed.


IKOLA, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.